## METZGER v METZGER

Ohio Appeals, 4th Dist, Pickaway Co

Decided April 23, 1929

Irvin F Snyder, Circleville, for plaintiff in error.

C A Leist and Barton Walters. Circleville, for defendant in error.

MAUCK, J.

The substance of the second defense was that on November 13, 1925, the defendant commenced an action in a District Court of the State of Nevada for divorce; that his wife, Leota Metzger, was subjected to constructive service and later on December 28, 1925, entered her appearance in the Nevada court; that thereafter on January 9, 1926, the divorce case came on to be heard in Nevada, and was heard and a divorce granted to Joseph Metzger, the plaintiff in that case. It is claimed that this decree of divorce, by reason of the personal appearance therein of the wife Leota Metzger, estopped her from further prosecuting her cause for alimony in the courts of this state.

Gilbert v. Gilbert, 83 OS. 265.

The claim in the case at bar by the plaintiff in error is not that Mrs. Metzger sought an allowance of permanent alimony in the Nevada court but that she might have done so as an incident to her resistence of her husband's petition for divorce in that state, and the broad claim is made by the plaintiff in error that the defendant in error was bound by the Nevada decree not only as to everything litigated in the Nevada case but to everything that might have been litigated. This statement of the law is too broad. Divorce and alimony are separable causes of action, Woods v. Waddle, 44 Oh. St. 459, and the Common Pleas Court of Pickaway County had jurisdiction to entertain the action for alimony at the time the same was filed.

It has been determined that a fact once litigated is forever settled by the judgment in the case. Hixon v. Ogg, 53 Oh. St. 361. It has also been authoritatively determined that when a party has been sued he must set up all the defenses he had to that cause of action and that upon his failure so to do he is barred in a subsequent suit from further setting up those defensive facts of which he might have availed himself in the earlier litigation. See Rotham v. Engle, 97 Oh. St. 77. In both the syllabus and opinion in that case the Supreme Court has been careful to emphasize that this rule binding parties to what might be litigated in a case runs only to facts which are strictly defensive and not to other facts.

The answer in this case to which a demurrer was sustained does not set forth the recitations of the pleadings in the Nevada case and the answer is defective for that reason. It is not claimed, however, even in

argument that there was litigated in the Nevada case the one question upon which the plaintiff's right to alimony in the Ohio court depended, and, that was the question as to whether or not the husband had been guilty prior to April 28. 1925, of any gross neglect of duty entitling the plaintiff to an award of alimony. If upon the date last mentioned the husband had been guilty of a gross neglect of duty in failing to provide for his wife she was not estopped by the Nevada court's decree unless that question was tried in the Nevada case. In the fifth edition of Freeman on Judgments, Sections 674 and 675, it is said that the general expression often found to the effect that a judgment is conclusive of every matter which the parties might have litigated is misleading; that what is really meant by this expression is that a judgment is conclusive upon the issues made or tendered, and so far as those issues are concerned of everything which might have been urged for or against them.

Our conclusion is that the answer in this case did no more than plead that Mrs. Metzger was a party to a divorce case in Nevada. It does not show that there was tried out in that case the question of whether or not her husband had been guilty of gross neglect of duty to her prior to April 28, 1925. It does not even show that by the laws of that state such a question could have been tried out. The second defense of the answer was therefore insufficient and the demurrer thereto was properly sustained.

We find no other assignments of error requiring a discussion. The judgment entered was authorized by the evidence.

Houck and Lemert, JJ, concur.