## WHITAKER v WHITAKER

Ohio Appeals, 8th Dist, Cuyahoga Co

No 15157.   Decided April 20, 1936

Klein & Diehm, Cleveland, for plaintiff in error.

Boyd, Brooks & Wickham, Cleveland, for defendant in error.

600

## OPINION

By LIEGHLEY, PJ.

One question is definitely settled in this state. The plaintiff could not maintain an action for alimony after her divorce in Oregon in January, 1928.

"Where a wife obtains a divorce from her husband in this state without a decree for alimony, he. being personally served with process, she can not thereafter maintain a separate action against him for alimony."
**Weidman v Weidman, 57 Oh St 101.**

The order of the Common Pleas Court in February, 1924, is obviously an order for current support and separate maintenance for wife and child by its very terms. It in no sense undertakes a permanent division of their property rights. It is a command to him to perform his marital and statutory duty to them to the end that they receive proper comforts and necessities and the state be not charged therewith. It is an order and does not possess the essentials of a judgment. This is conceded by the form of this proceeding. Certainly this order became a nullity from and after January, 1928, so far as the wife is concerned. To the extent that it pertained to the child, may it be made the basis of a judgment under the circumstances of this case now?

The authorities cited by counsel and a few additional examined seem to support two propositions.

When relief subsequent to decree of divorce is sought the petition or motion therefor is addressed to the court that entered the final decree. Illustrative of this is:
Morrill v Morrill, 83 Conn. 479.
Griffith v Griffith, 95 Ore. 78.
**Gilbert v Gilbert, 83 Oh St 265.**
Gibson v Gibson, 143 N. Y. S. 37.

The other is that whenever and wherever the dependents may be in need, the court will take jurisdiction to compel those responsible to discharge their moral and legal obligations of support. but these cases deal with situations wherein those in need are within the jurisdiction of the court whose aid is petitioned. The relief is limited to

the present and prospective and not retroactive. Proceedings to enforce the terms of the final decree may be maintained.

White v White, 65 N. J. Equity 741.

It is my opinion that the court did not acquire jurisdiction of the defendant by the attempted service in this case. No personal judgment may be rendered otherwise than upon personal or resident service or duly authorized mail service within the state. Service by publication or constructive service upon a non-resident is effective for specified purposes, but jurisdiction to enter a personal judgment is not one of them. The full faith and credit clause of the Constitution does not sanction or comprehend a judgment obtained upon such service. The very purpose of this litigation to obtain a lump sum judgment is obviously to lay the foundation for invoking the support of this clause.

Also it is my opinion that when the parties hereto voluntarily submitted their marital status and relations, their property rights and custody of child to the Oregon courts in 1928 for final decree and final determination of their respective rights as to divorce, property and custody of the child, the courts of this county lost jurisdiction theretofore acquired for want of a party with legal capacity to prosecute, and particularly so in this case inasmuch as neither husband, wife nor child has been within its jurisdiction for the entire period. Although the court below retained a continuing jurisdiction over the child in theory, the custodian by conferring final jurisdiction of her ward by her prayer for absolute divorce upon the Oregon courts in 1928, waived her right to invoke the activity or interest of the court here unless and until the ward is within the jurisdiction of the Common Pleas Court and its protection and guidance is sought or needed. The ward has no right it may assert except through its custodian or guardian. As bearing on the question of waiver in divorce proceedings, see **Weidman v Weidman, 57 Oh St page 104.**

Both parties were in court in Oregon in 1928. In the absence of fraud or concealment, with full disclosure of property available, with full knowledge on her part of her needs for support and maintenance for herself and child, and his past defaults in these respects, all of which were or might have been before the court at her instance for final decree, the final decree of divorce granted to her in 1928 concluded her rights. Any unpaid temporary alimony installments are presumed to have been adjusted by the final decree. If she failed to present her claims, she is deemed to have waived them. That final decree of divorce with the defendant in court and no fraud claimed, forever fixed their marital and property status.

If the final decree of the Oregon court had provided an award of alimony payable in installments, the courts of Ohio would entertain jurisdiction to aid in collecting same upon proper service upon defendant. However, that is unlike this case. **Armstrong v Armstrong, 117 Oh St 566.**

It is the duty of the defendant to contribute to the support of his child. If the plaintiff has a legal claim against the defendant for support and care provided their child during the intervening years, that claim may well be asserted in Chicago where the defendant resides and where his property is located. The courts of that state are ever open for the redress of grievances. The courts of that state will readily lend their aid to compel the defendant fully to perform his natural and legal duty to his child. The courts of this state ought to have other more serviceable work to do than countenance this roundabout plan to revivify a long since dormant order in favor of persons non-resident for years and whose affairs have since been fully adjudicated by courts of another state at their behest. There is a proper forum wherein to procure a full recognition of the present rights and needs of the child.

It may be contended that the Gilbert case is in conflict with the conclusions reached herein. The contrary is the fact. The facts in that case are remarkably similar to the facts in this case although there are decisively distinguishing features.

Nellie A. Gilbert brought suit against Frederick G. Gilbert in the Common Pleas Court of this county in 1899 for alimony only, both parties being then residents. A temporary order of $7.00 a week was made and in February, 1901, the defendant was ordered to pay as alimony $50.00 per month for and during her natural life. Only $80.00 or $90.00 was paid by defendant to plaintiff upon this order.

During said period the defendant moved to South Dakota and became a resident of said state. In May, 1903, he brought an action for divorce against plaintiff in South Dakota. Personal service of summons and copy of the complaint was made on plaintiff at Cleveland, Ohio, and service by publication was also made in accordance with the laws of South Dakota. The wife appeared in the case in South Dakota with counsel and contested the action for divorce and prayed for permanent alimony.

A divorce was granted to the husband and the wife allowed alimony of $30.00 per month until further order.

Some time prior to 1911 the plaintiff, Nellie A. Gilbert brought suit in Cuyahoga County against the defendant, setting forth in detail the orders of alimony made by the Common Pleas Court of this county in 1899 and 1901 praying for a lump sum judgment of the total amount, and alleging that the defendant is the owner of certain property left by his father and asks that this property be sold and the proceeds applied in payment of plaintiff's judgment with interest.

To this petition the defendant filed an answer and cross-petition in which he admitted the orders for temporary and monthly alimony theretofore made by the courts of this county and alleges that he became a resident of South Dakota in October, 1899, and has had a permanent residence there ever since then; that the order of $50.00 a month made in 1901 was on default of defendant and in his absence. He admits the ownership of the property.

By cross-petition defendant further alleges that in May, 1903, he brought an action for divorce in South Dakota; that personal service was had on the wife as heretofore stated; that the wife voluntarily appeared in court in person and by her attorney; that she voluntarily asked for and was allowed permanent alimony of $30.00 a month and an absolute divorce was granted to him on October 17, 1903; that in said action the wife applied for permanent alimony and submitted to the court the whole question of alimony and as part of said submission the orders and doings of the court of Cuyahoga County were submitted and considered as well as all other claims that she had or claimed to have against him. That the allowance of alimony in the South Dakota court was in lieu of and in full satisfaction of all other allowances, claims and demands in favor of her against him; that said decree is in full force and unreversed and that by reason thereof she is estopped from asserting any claim on the order made in Cuyahoga County.

A demurrer was filed and sustained to this answer and cross-petition and defendant not desiring to plead further, a decree was entered for plaintiff for the total sum of the past due and unpaid installments. This decree was affirmed by the Circuit Court. Error was prosecuted to the Supreme Court and both judgments reversed.

Gilbert v Gilbert et, 83 Oh St 289, syllabus:

"1. Where a wife enters her appearance in a proceeding against her for divorce, in a court of another state, and asks for and is granted alimony in said proceeding, having set up therein, her rights under a prior decree for alimony payable in installments in a suit for alimony alone in a court of this state, she is bound by the decree of the foreign court, and cannot afterwards maintain an action in this state to recover the unpaid installments under the prior decree.

2. A decree for alimony payable in installments in a suit for alimony alone in one state will not support an action as on a final judgment for a fixed sum in another state."

It will be noted that the first paragraph of the opinion recites, based on the record before the court, that

"she voluntarily submitted herself to the jurisdiction of the South Dakota court, consented to and invoked the consideration and adjudication by that court of all the marital rights and relations between the parties and is bound by its decree."

From the opinion on page 271:

"Inasmuch as it is well settled that the original order for alimony which was entered in favor of Mrs. Gilbert in Cuyahoga County was not a judgment within the strict meaning of the term, but was such an order as was continually subject to modification and inasmuch as Mrs. Gilbert elected to submit all her rights under said order and any other claims or demands which she had against her husband to the court of South Dakota, she is now estopped and will not be heard to again assert in this state any of the rights she may have had under the original decree, which was so determined by the court in South Dakota."

From the opinion on page 272:

"The presumption is that the court in South Dakota having before it as part of the case the original decree in, Cuyahoga County, with full information as to the conduct of the parties since that decree, as well as other circumstances proper to be considered under the pleadings in that case, entered such a decree as was justified, and that that court gave such force and credit to the Cuyahoga County decree as such a decree was entitled to, in connection with all the other circumstances."

The case was remanded to the Common Pleas Court for further proceedings. Thereupon the plaintiff filed her reply to the answer and cross-petition. When the case again came to trial, she was denied relief on the pleadings. This judgment was affirmed and the case again reached the Supreme Court, and was there disposed of by journal entry. **Gilbert v Gilbert, 90 Oh St 417.** Quoting from said journal entry:

"she admitted that she had filed an answer in South Dakota, and that she had appeared in court and contested the same, but by the reply so filed in this case plaintiff denied the allegations in the answer of the defendant to the effect that the plaintiff had voluntarily submitted to the said court in South Dakota for its consideration (in making the final decision of the rights of the parties therein upon the question of alimony) the orders and doings of the Court of Common Pleas of Cuyahoga County as well as all other claims that the plaintiff had or claimed to have against the defendant.

This court further finds that by denial the reply presented an issue of fact which the plaintiff in error is entitled to have tried in the court below according to law; that if on the trial such issue shall be determined in favor of the plaintiff she will be entitled to recover in this action the amount with interest of the installments under the decree rendered by the Court of Common Pleas of Cuyahoga County which were due and unpaid prior to the date of the decree for divorce by the court in South Dakota in the proceeding in which the plaintiff herein was a party, and in which proceeding she entered her appearance and filed her answer as aforesaid."

It should be noted that the court has declared that the reply, denying that she voluntarily submitted to the South Dakota court the orders and doings of the Common Pleas Court of Cuyahoga County, presented an issue to be tried. The Supreme Court has clearly decided that if the marital affairs of these parties have been fully submitted voluntarily to a court of general jurisdiction that it is presumed that all prior orders, all properties, all their marital relations were considered and adjudicated in the decree granting absolute divorce. If, however, there was not a voluntary submission then it is held that the wife may collect the past due installments unpaid prior to the date of the decree in the South Dakota court.

In that case the wife was a resident at all times of Cuyahoga County. In this case the wife voluntarily left this jurisdiction and has resided in Oregon for the past ten years and more. In that case the action was instituted by the husband in South Dakota and the wife was served in Ohio. What the facts were, if any, to sustain her claim that she involuntarily submitted to the jurisdiction of the South Dakota court are not disclosed. In this case the wife invoked the jurisdiction of the Oregon courts, praying for an absolute divorce from the defendant and for custody of the child. She voluntarily submitted their marital relations and voluntarily submitted the child to the wardship of that court. Necessarily all her property, all of his property, and all claims and demands of each were constructively, if not actually, in the hands of that court for adjudication and equitable division between the parties.

The jurisdiction of the Oregon court to which she submitted their affairs praying for absolute divorce is one of general, complete and comprehensive jurisdiction.

Oregon Code, Suits in Equity, §§6-912 and 6-914.

It is said and may be claimed that she did not expressly pray for alimony in that Oregon suit. If she did not she voluntarily withheld from that court of general jurisdiction a matter that should be and must be decided along with the granting of an absolute divorce decree upon her prayer. If she failed to submit to that court the actions and doings of the Cuyahoga County courts and all other matters of property rights between them, she is deemed to have waived any claim thereto and is estopped to assert any claim therefor in the courts of Ohio. If it be claimed that this permits the defendant to gain by his own defaults, the answer is complete that he gains only because of her own default in failing to ask the Oregon court for a complete reckoning thereof.

It would be an anomalous situation that a wife may bring an action in a court of general jurisdiction of another state praying for divorce with the defendant present in court and succeed in obtaining a decree of absolute divorce from that court, and by the very fact of withholding any claim for alimony and withholding from that court information that a court of another state had made orders for the payment of monthly installments in an action for alimony only thereby reserve the rights to prosecute another and different action against her former husband years after divorce for the collection of alimony funds of the character sought to be collected

herein. The husband had an absolute right to have all claims presented and adjudicated in that divorce decree. She cannot assert her rights in piece-meal fashion. The final decree of divorce without fraud or collusion or concealment intervening procured at her instance is a final adjudication of all their rights of every character that had then and theretofore existed between them.

Summarizing our conclusions, where a wife obtains an order for alimony payable in installments in an action for alimony only in this state and thereafter takes up her residence in another state and subsequently petitions a court of general jurisdiction for and obtains a decree of absolute divorce in that state, if she fails to ask for permanent alimony in such proceeding or fails to bring to the attention of that court the orders theretofore procured in this state, she will be deemed to have waived her claims thereto and therefor and will be forever barred from asserting any claim for alimony thereafter in this state and forever barred from maintaining any action in this state to recover past due and unpaid installments that accrued on the original installment order prior to the date of the divorce decree.

It is my opinion that the judgment should be reversed and final judgment entered with exceptions, but inasmuch as Levine, J., concurs only in respect to want of jurisdiction for want of service and does not concur that final judgment should be entered, and feels the case should be remanded, and Terrell, J., concludes that the judgment is correct for items dated prior to the date of the divorce decree, and incorrect as to items included of later date, the judgment is reversed and remanded for further proceedings according to law, with exceptions noted.

## DISSENTING OPINION

By TERRELL, J.

The Court of Common Pleas of Cuyahoga County obtained jurisdiction over the parties hereto by the filing of a petition for alimony only by plaintiff and service of summons upon defendant. This jurisdiction is a continuing jurisdiction until the final determination of the matters in issue.

The trial of the case resulted in an alimony decree for plaintiff, payable in monthly installments. Since this was not a divorce case, a decree for installment payments was always subject to modification during the marital relation. Modification may be made by the court upon mo-

tion of either party with service of notice upon the other party. It may also be made by petition with proper service of summons. In this case plaintiff filed a motion to have the decree modified by reducing to judgment all unpaid installments of alimony with interest. Proper notice of said motion was served on defendant and he had ample opportunity to appear and contest the granting of said motion. He did appear through his counsel and objected to the jurisdiction of the court to hear said motion. The court, in my opinion, had full jurisdiction of the parties to pass upon this motion and to reduce to judgment the unpaid installments with interest.

The trial court went too far, however, in granting to plaintiff an allowance for the support of the child for the period subsequent to the divorce granted to her in Oregon. The plaintiff submitted to the Oregon court the question of the care and custody of the child and that court having taken jurisdiction of that subject and having awarded to the plaintiff the care and custody of the child, she is concluded by that award and cannot thereafter ask the Cuyahoga County court for further relief in respect to support for the child.

In her action for divorce in the Oregon court plaintiff did not submit to said court the issue of determining as between them their property rights. She had a right to submit such question to said court. I agree with Lieghley, PJ., that the husband had an absolute right to have all claims between husband and wife presented and adjudicated in the divorce decree by the Oregon court. Each of these parties had such a right. He entered his appearance in said case, but did not ask the court to make any provision for division of property or alimony. He was not denied any right. There is no merit to his contention that the property rights of these parties were adjudicated in that decree when neither party presented such matter to the court. In Ohio, husband and wife may contract with each other as to property rights. In a subsequent divorce action between them no contract rights as to property theretofore existing between them are cancelled unless the court takes jurisdiction of their property rights and seeks to adjudicate them.

In the divorce case in Oregon no request was made by either party to have the court adjudicate their property rights. The court did not assume jurisdiction of that subject and did not even attempt to make any adjudication thereof. Therefore, the property rights of the parties existed the same after the divorce in the Oregon case as they ex-

isted before. Plaintiff had at all times since the decree for alimony by the Cuyahoga County court a property right in said decree and award for alimony which was unaffected by the Oregon divorce, and this right would be just the same as though she held a promissory note executed by him for proper consideration prior to the divorce. It is my opinion that his obligation to pay said promissory note would not have been affected by the Oregon divorce if that court had taken no jurisdiction of their property rights.

The Gilbert case, 90 Oh St page 417, as quoted by Lieghley, PJ., seems to me to be decisive of this question just discussed. In that case the wife had obtained a decree for alimony payable in monthly installments in an alimony only case in Cuyahoga County. Some years later, in an action in the nature of a creditor's bill, she sought to subject to the payment of said unpaid alimony installments certain real estate in Cuyahoga County held by Sam W. Mather, as trustee for her husband Gilbert. He answered and cross-petitioned praying that the decree for alimony awarded theretofore be vacated and he be discharged from any obligation thereunder, and as reason therefor he claimed that in the South Dakota divorce case she submitted to the jurisdiction of said court all the orders and doings of the Court of Cuyahoga County as well as all other claims she had against him. He also alleged that in the South Dakota action an alimony decree was awarded to her which decree stood unreversed. The Supreme Court held this answer and cross-petition was good as against demurrer (83 Oh St 265). Then Mrs. Gilbert filed a reply in which she controverted the allegations of the answer and cross-petition and denied that she had submitted to the Oregon court "the orders and doings of the Cuyahoga County court as well as all other claims she had against him." She also alleged in her reply that on his motion in the South Dakota court the decree for alimony awarded to her by the South Dakota court was amended by striking therefrom the award to her of alimony. A motion was made by Mr. Gilbert for judgment on the pleadings. The Supreme Court in 90 Oh St 417, held that:

"The reply presented an issue of fact that the plaintiff in error (Mrs. Gilbert) is entitled to have tried in the court below according to law; that if on the trial, such issue shall be determined in favor of the plaintiff (Mrs. Gilbert) she will be entitled to recover in this action the amount, with interest, of the installments under the decree rendered by the Court of Common Pleas of Cuyahoga County which were due and unpaid prior to the date of the decree for divorce in South Dakota in the proceeding in which plaintiff herein was a party and in which proceeding she entered her appearance and filed her answer."

From this decision, it seems to me that the Supreme Court holds that payment of unpaid installments in an alimony only case may be enforced notwithstanding that at a later time a divorce is granted to one of the parties by a foreign court which had jurisdiction over both parties and in which case neither the "orders and doings" of the court granting the alimony nor the property rights of the parties were submitted.

In the Wiedman Case, 57 Oh St, 101, it is decided that where a wife obtains a divorce, the husband being personally served with process, she cannot thereafter maintain a separate action against him for alimony.

Alimony is an award of the property of one spouse to the other spouse.

This Wiedman case is not authority for a claim that if a wife fails to pray for alimony in a divorce case she thereby waives and cancels all her property claims theretofore existing against her husband. She does waive any right to have any of her husband's property thereafter awarded to her as alimony but she does not surrender thereby all claims she may have had against her husband, either on contract or judicial decree. The holding in the Wiedman case cannot be extended to declare that because a wife may be held to waive alimony by not praying for it she also is held to have surrendered any claim she might theretofore have had against her husband.

It therefore appears to me that the finding of the trial court should be modified by omitting from the decree that portion that provides for an award to the plaintiff, Mrs. Whitaker, for the support of the child subsequent to the Oregon divorce, and as so modified the decree should be affirmed.