**MANNEY, Plaintiff-Appellant v. MANNEY, Defendant-Appellee.**

Ohio Appeals, Second District, Montgomery County.

No. 1773. Decided June 13, 1944.

154

Benjamin Horn, Dayton, Daniel L. Dwyer, Dayton, for plaintiff-appellant.

Morris D. Rice, Osborn, for defendant-appellee.

## OPINION

By BARNES, P. J.

The above entitled cause is now being determined on plaintiff, William Manney's appeal on questions of law from the judgment of the Court of Common Pleas, Domestic Relations Division, of Montgomery County, Ohio.

A brief statement of facts is necessary to an understanding of the nature of the controversy and the manner in which the claimed errors arose. On July 24, 1941, the plaintiff, William Manney, commenced an action in the Common Pleas Court of Montgomery County, Ohio, praying for a divorce from his wife, Larie Manney. On August 1st, 1941 the defendant, Larie Manney, filed answer and cross-petition.

Her answer admitted certain formal allegations of the petition, denied all allegations of wrongful conduct and asked that plaintiff's petition be dismissed. In her cross-petition she set up statutory complaints against her husband including the averment that the plaintiff was giving attention to another woman to the neglect of his wife and family. The prayer was for temporary alimony, expenses of suit and, upon the final hearing, permanent alimony and support for three minor children.

Plaintiff filed a reply on August 12. In due time the cause came on for hearing; on December 31, 1941, an entry was filed making a finding against the plaintiff on his petition and dismissing same and making finding for the wife on her cross-petition, granted to her the care and education of their three minor children and ordering the plaintiff to pay $50.00 per week as her reasonable alimony and for the support of their three minor children, Marion Manney, Leah Manney and Roy Manney. The decree failed to allocate the $50.00 allowance so as to show how much alimony and what portion was for support of minor children. Plaintiff paid the $50.00 per week but not always at the end of the week.

Early in 1942 plaintiff went to Reno, Nevada, for the evident purpose of bringing an action for divorce. After being within the state the required time, he filed such action and obtained service upon the defendant, Larie Manney, by publication.

The wife entered her appearance in the Nevada court by first filing a demurrer to the petition which was sustained. Thereafter an amended petition was filed to which she, through her attorney, filed numerous motions including an application for Bill of Particulars and thereafter, a second Bill of Particu-

lars. Later the defendant filed an answer. The answer contained the usual admissions as to marriage, names and birth of children, all with dates; denied each and every allegation of the petition as to any wrong doing on the part of the answering defendant; made specific denial of the allegation of the petition that the defendant had prevented plaintiff from seeing his children; and further averred that plaintiff had shown no interest in his children.

"having failed to provide for their support and has failed and neglected to obey an order entered on December 31, 1941, requiring plaintiff to pay the defendant the sum of $50.00 per week for the support of defendant and the aforesaid children of minor age as made and entered in the Court of Common Pleas, Montgomery County, Ohio, Division of Domestic Relations, Case No. 25,483 in which William H. Manney is plaintiff and Larie Manney is defendant."

The prayer in the answer asked that plaintiff's complaint be dismissed, that judgment be rendered in favor of defendant and against plaintiff and for such further relief as the court may seem meet and equitable.

Thereafter depositions were taken and filed. Before date set for hearing, plaintiff, through agreement of counsel, for the respective parties, advanced the sum of $175.00 so that defendant might attend the trial.

She did not attend the trial although advised of the time and hearing. The Nevada court granted the divorce to plaintiff and entry was filed on May 14, 1942. Within thirty days from the rendering of the divorce decree, plaintiff brought his alimony and support payments up to the date of the divorce. It is the claim of the plaintiff and his counsel that the divorce decree in Nevada absolved him from the obligation to pay any further alimony to his wife. It is admitted that there still remains the obligation to pay support for the minor children unless the children's earnings were sufficient to adequately provide for their support. Shortly after the plaintiff secured his divorce in Reno he was re-married to the woman whom defendant claimed was his paramour before the separation. On July 25, 1942, plaintiff filed motion in the Montgomery County court wherein he asked to be relieved from the payment of the $50.00 allowance upon the ground that the parties were divorced in an action wherein the defendant had entered her appearance or, in the alternative, that the order be modified for the support of the children; it was further claimed

in the motion that one of the children, while a minor at the time the order was made, had arrived at full age; that a second was working and earning money sufficient for her support and that only the minor son was entitled to be considered in the allowance of support.

The cause came on for hearing on plaintiff's motion on March 16, 1943; an entry was filed denying plaintiff relief on the ground that a divorce had been granted but modifying the order under changed condition from $50.00 to $35.00 per week.

As in the original order this amount was not allocated so as to determine what amount was to be paid to the defendant wife as alimony and what amount should be paid to her for the support of the minor children. This is the final order from which plaintiff gave notice of appeal.

Very able and comprehensive briefs have been filed by counsel representing their respective parties. The ultimate questions for our determination are two in number. First, whether or not the divorce granted to plaintiff in Reno and in which action the defendant entered her appearance, relieved the plaintiff of any further payment of alimony. Counsel for appellant in their brief refer to the following cases:

**Gilbert v Gilbert, 83 Oh St 265.**

**Gilbert v Gilbert, 90 Oh St 417.**

**Whittaker v Whittaker, 21 Abs 599.**

Harrison v Harrison, 20 Alabama 628 (56 Am. Dec. 227).

McCullough v McCullough, 203 Michigan 288 (168 N. W. 929).

Richards v Richards, 149 N. Y. Supp. 1028.

Commonwealth v Parker, 58. Pa. Sup. Ct. 74.

It is are conclusion that the question here involved is determined by the decision of the Ohio courts and other than the above reference we will not make comment on the decisions of the courts in other jurisdictions. Futhermore, it is our judgment that the decisions of the Ohio courts are readily distinguishable from the factual situation in the instant case. In the case of **Gilbert v Gilbert, 83 Oh St 265, supra,** it appears in the first syllabus that the wife, a resident of Cuyahoga County, Ohio, had obtained decree for alimony against her husband in the Cuyahoga County court. Afterwards, the husband commenced an action against her for divorce in another state. The wife entered her appearance in the other state, filed an answer wherein she asked for and was granted alimony in said proceeding, having set up in her answer her rights under a former decree in Cuyahoga County.

We had no trouble in following the reasoning of the court in this case where it was undeniably shown that the wife had submitted to the foreign court and that court adjudicated the question of alimony in connection with the divorce action. It is unthinkable that she could invoke the jurisdiction of a court and receive a decree for alimony upon the basis of the action of the courts of Cuyahoga County and therefore seek to recover an allowance in Cuyahoga County the same as though no action had been taken in the foreign state. This case under the same title again was before the Supreme Court and reported in **90 Oh St 417**. In the per curiam opinion it is disclosed that after the case was remanded the wife filed a reply in which there was a denial that all questions relative to the alimony had been submitted to the South Dakota court where the divorce action was determined. The Supreme Court said that this presented a factual question and reversed the decision of the Court of Appeals remanding the case for the taking of evidence upon this issuable question.

As we understand it, the real issue revolved around the question as to whether or not default payments on the Cuyahoga court order were considered when the case was heard in the South Dakota court.

In the case of **Whittaker v Whittaker, 21 Abs 599**, the pronouncement of the court was in substance that a wife may not maintain an action for alimony in this state after she has procured a divorce in a foreign state; that an order awarding alimony only to a wife in an action therefore is for current support and, as regards to the wife, becomes a nullity when she secures a divorce. The court further says that in such situation the wife is deemed to have waived her claim for alimony granted in this state. She is barred from recovering past due and unpaid installments. It should not be difficult to distinguish the Whittaker case from the instant case. In the case at bar the wife did not procure the divorce. She appeared in the Nevada court solely for the purpose of contesting her husband's application for divorce. Neither in his petition nor in her answer were any allegations presented looking to the division of the property or the allowance of permanent alimony.

We think the case of **Metzger v Metzger, 32 Oh App 202** is directly in point. This case should be read in its entirety. The opinion was by Mauck, J., of the Court of Appeals of Pickaway County. In the Metzger case the wife sought a judgment in the Court of Common Pleas of Pickaway County against her husband for alimony. Later her husband went to Nevada and there filed a petition for divorce. The wife entered her appearance in

that action. As to what pleadings she filed is not disclosed. The husband obtained a decree for divorce. Thereafter he made a claim that this decree of divorce by reason of the personal appearance of the wife estopped her from further prosecuting her cause for alimony in the courts of this state. We quote from the Metzger case on page 204,

"The claim in the case at bar by the plaintiff in error is not that Mrs. Metzger sought an allowance of permanent alimony in a Nevada court but that she might have done so as an incident to her resistance of her husband's petition for divorce in that state, and the broad claim is made by the plaintiff in error that the defendant in error was bound by the Nevada decree, not only as to everything litigated in the Nevada case, but as to everything that might have been litigated. This statement of the law is too broad.

The husband brought his action in the Nevada court some seven months after the courts of Pickaway County had acquired jurisdiction in the alimony case, and no attempt was made by either party in the Nevada case to determine the property rights of the parties. If the abandoned wife in Ohio could not be permitted to appear in the Nevada court and repel unjust accusations made against her without thereby foregoing her right to prosecute her alimony suit in the Ohio court that had already acquired jurisdiction thereof, a club of intimidation would be placed in the hands of the fugitive husband that would enable him to accomplish a fraud upon the courts of the state to which he had fled. No rule so unfortunate as this has yet been established."

We concur in the above portion of the Metzger case in its entirety.

Claim is made that the instant case should be distinguished in that the defendant wife filed an answer wherein she set up the order of the Ohio court relative to alimony and support and in the prayer of her petition asks for such other relief as "may be meet and equitable". We have no difficulty in determining that the averments of the wife's answer in which she made reference to the alimony order of the Ohio court was not for the purpose of presenting a basis upon which the Nevada court might make a determination of the alimony question. It very clearly appears that it was an averment seeking to meet the allegation of plaintiff's petition. It cannot be inferred that the wife's answer was anything more than a defense against

plaintiff's petition for divorce. Had she been asking any affirmative relief, there might be some logic in the argument that the prayer asked for such other relief as was meet and proper.

There is a well recognized principle of law that the prayer is no part of the pleading.

We have no difficulty in determining that the wife's appearance and answer in the Nevada court has no affect upon the judgment which she obtained in the Montgomery County Court of Common Pleas, Domestic Relations Division. It therefore follows that plaintiff's appeal will be denied.

By agreement of counsel, a second case, No. 1809, Montgomery County, **State of Ohio v William Manney,** was submitted to us in connection with the above case No. 1773.

Case No. 1809 was a criminal action brought at the instance of Larie Manney against William Manney charging him with non-support under the provisions of the Ohio Code. After hearing, the defendant was found guilty and ordered to pay $15.00 a week for the support of each of two minor children. The entry presented certain reservations and suspension of the order under certain conditions which are not necessary to relate at this time. It is our conclusion that the plaintiff in case No. 1773 and the defendant in case No. 1809 should not be required to pay under the orders in each case. If the payments are made under No. 1773, nothing should be required in No. 1809. We think the trial court in No. 1773 should allocate so as to determine what portion of the weekly payments be considered alimony and what portion support of the minor children and the amount for each. We have concluded not to make a final determination in case No. 1809 but will hold the same temporarily until it is definitely determined what further action will be taken in No. 1773. If this latter case should be carried to the Supreme Court and there determined that we are wrong in our conclusions and that the alimony award by the Montgomery County court was abrogated through the divorce decree in the Nevada court, then it would be necessary to make a final adjudication in case No. 1809. This is upon the theory that regardless of what happens in case 1773, the defendant father is still liable for the support of his minor children.

Costs will be adjudged against William Manney.

HORNBECK and GEIGER, JJ., concurring.