## HARRIET LEE CAFFEY PAYNE v. LAURITZ NELSON PAYNE

June 9, 1978

Record No. 770242

Present: All the Justices.

*Raymond L. Bartos* for plaintiff in error.

*Walter C. Jacob (Thomas V. Monahan; Hall, Monahan, Engle, Mahan & Mitchell,* on brief) for defendant in error.

PER CURIAM.

This is an action by the alleged accommodation maker of a note, Harriet Lee Caffey Payne (plaintiff or accommodation maker), against the alleged accommodated party, Lauritz Nelson Payne (defendant or accommodated party), to recover $4,248.02, the amount paid by the accommodation maker to the note holder,

together with attorney's fees and costs as provided in said note. On June 12, 1973, upon payment by plaintiff to the note holder, the Farmers and Merchants National Bank of Hamilton, the bank stamped the note "paid" and delivered it to the plaintiff. In August, 1976, more than three years after payment to the holder by the accommodation maker, this action was instituted by the accommodation maker against the accommodated party. The defendant filed a plea invoking the statute of limitations.

Because the bank did not assign the note to the plaintiff, the trial court held that the plaintiff, the accommodation maker, could proceed against the defendant, the accommodated party, only upon his express or implied promise of indemnity. Thus, the trial court held that the three-year limitation imposed upon actions on unwritten contracts by Code § 8.01-246(4) applied and dismissed plaintiff's action.

Here, as in the trial court, plaintiff contends that she was entitled to proceed under the written instrument and that the five-year limitation on written instruments, Code § 8.01-246(2), should have been applied. Therefore, she argues, the trial court erred in sustaining the defendant's plea, and we should reverse and remand the case for trial on its merits.

The defendant argues that the bank's action in stamping the note "paid" and delivering it to plaintiff, and her acceptance of it, effected a cancellation of the instrument, thereby discharging defendant. This being the case, the defendant says, the plaintiff's remedy against him was limited to proceeding on his express or implied oral promise to indemnify plaintiff and such action was barred by the three-year limitation.

Code § 8.3-605, dealing with cancellation and renunciation, provides, in pertinent part:

"(1) The holder of an instrument may even without consideration discharge any party

"(a) in any manner apparent on the face of the instrument or the indorsement, as by intentionally cancelling the instrument or the party's signature by destruction or mutilation, or by striking out the party's signature; or

"(b) by renouncing his rights by a writing signed and

delivered or by surrender of the instrument to the party to be discharged."

\* \* \*

The U.C.C. approaches discharge from the standpoint of discharge of parties on the instrument rather than discharge of the instrument itself. See Virginia Comment to Code § 8.3-601. Here, the accommodation maker, who was liable to the holder, made payment of the note to the holder. When the note was marked "paid" by the bank, this endorsement on the face of the note discharged the accommodation maker who paid the note, but it did not have the effect of discharging the accommodated party's obligation to the accommodation maker since such discharge is not apparent on the face of the instrument. Further, delivery of the instrument by the bank to the accommodation maker most certainly did not effect discharge of the accommodated party's obligation to the accommodation maker.

Code § 8.3-415(5) provides:
"(5) An accommodation party is not liable to the party accommodated, and if he pays the instrument has a right of recourse on the instrument against such party."

Clearly, under this statute the plaintiff, as the accommodation maker who paid the instrument, could proceed against the accommodated party upon that instrument. Furthermore, Code § 49-27 provides that one secondarily liable, who pays certain obligations, including notes, "shall, by operation of law, . . .be substituted to and become the owner of all of the rights and remedies of the creditor for the enforcement and collection of the amount or amounts so paid. . . ."

Therefore, we hold that the plaintiff was entitled to proceed on the written instrument, and the trial court erred in applying the three-year limitation fixed by Code § 8.01-246(4). The order of the trial court will be reversed and the case will be remanded.

*Reversed and remanded.*