## CIRCUIT COURT OF FAIRFAX COUNTY

Commonwealth of Virginia

    v.

Fleming

February 15, 1989

Case No. (Criminal) J02600

By JUDGE LEWIS HALL GRIFFITH

This matter is before the Court on defendant Fleming's Appeal from an Administrative Finding pursuant to Va. Code Section 63.1-268.1 confirming a support obligation arising from a default judgment order of the District Court of Davie County, North Carolina, Child Support Session. Defendant claims the North Carolina judgment should be denied full faith and credit in Virginia, arguing the North Carolina Court was without in personam jurisdiction to order support payments. For the following reasons, the judgment of the North Carolina court will be given full faith and credit.

The general rule in conflicts of law such as this one is that full faith and credit will be accorded a foreign decree as to support when the foreign court had personal jurisdiction over the parties to the suit. *Millikin v. Meyer*, 311 U.S. 457, 61 S. Ct. 339 (1940). If that state's service gave the defendant notice and opportunity to be heard sufficient to satisfy the requirements of due process, the jurisdiction is established. *Id*. 311 U.S. at 463. The enforcing (forum) state is prohibited from relitigating the merits of a case and is limited to confirming the proper jurisdiction over the parties based solely on conformity with the foreign state's law, regardless of whether

the forum state's law would provide the same result. *Fauntleroy v. Lum*, 210 U.S. 230 (1908).

As the *Millikin* court noted, "such jurisdiction over the cause and the parties is to be presumed unless disproved by extrinsic evidence or by the record itself." *Millikin*, 311 U.S. at 462, citing *Adams v Saenger*, 303 U.S. 59 (1938), and *Fauntleroy v. Lum, supra.*

The record in this case indicates that the defendant received actual notice of the hearing in North Carolina by certified mail. That notice was properly sent pursuant to North Carolina's long arm statute, which provides for such service in cases where personal jurisdiction is conferred by a special jurisdictional statute. Such statute in this case is a statute for establishing paternity, Section 49-14, *et seq.* Under that statute, North Carolina specifically delineated that sexual intercourse in the state resulting in the birth of a child constitutes sufficient minimum contacts for purposes of in personam jurisdiction.

Virginia has adopted the general rule that full faith and credit will be given where a foreign court had personal jurisdiction over the parties. *See Osborne v. Osborne*, 215 Va. 205, 210-11 (1974). Defendant's counsel has cited *Osborne* for the proposition that Virginia will not give full faith and credit to support orders entered in another state in uncontested proceedings. The court in that case, however, did give full faith and credit to the Texas decree insofar as divorce and alimony were concerned. The Virginia Court determined, however, that it had continuing jurisdiction to modify (increase) the Texas child support order, given that the welfare of the child living in Virginia was of paramount concern to the Court.

By contrast, there is no prior competing court order in this case. The child and mother live in North Carolina, the state with the same interest in protecting the child's welfare as Virginia had in *Osborne*. On its face, the North Carolina judgment indicates the court properly followed North Carolina law to obtain in personam jurisdiction over the defendant. Absent any defect, full faith and credit must be given.

This issue was also addressed in *Ceyte v. Ceyte*, 222 Va. 11 (1981), which merely holds that full faith

and credit will be awarded only if personal jurisdiction, examined under the foreign state's law, is established.

Likewise, in *Newport v. Newport*, 219 Va. 12 (1978), full faith and credit was denied a foreign decree only where the foreign court proceeded without personal jurisdiction over the party.

Defendant's counsel has also argued that the U.S. Supreme Court decision of *Kulko v. Calif. Superior Ct.*, 436 U.S. 84 (1977), applies to prohibit North Carolina from exercising in personam jurisdiction under the circumstances. In that case, the Supreme Court held the defendant's connections to the forum state were too attenuated to justify minimum contacts which would not offend notions of fair play and substantial justice. In that case, the father sent one child to live with the mother in California. Without his knowledge, a second child also moved to California to live with the mother. The mother instituted a suit for support in California, and the California courts confirmed sufficient contacts with the state for personal jurisdiction over the father. The Supreme Court disagreed, noting the defendant had never lived in California and lacked any other connection to that state.

By contrast, the defendant in the case at bar had resided in North Carolina, and there was testimony indicating he had fathered the child while in that state. Unlike California whose criteria for establishing minimum contacts was never articulated beforehand, the North Carolina statute clearly identifies what activity satisfies sufficient minimum contact.

Further, North Carolina has asserted an important interest in protecting the welfare of its minor citizens, and that interest is reflected in enactment of remedial statutes such as the one conferring special jurisdiction in paternity cases. Forcing the defendant to try the issue of paternity in North Carolina does not offend traditional notions of fair play. North Carolina has the greatest interest in the matter since the child lives there and any supporting evidence or witnesses are more than likely located there.

Under the rules of *Fauntleroy v. Lum, supra,* and *Millikin v. Meyer, supra,* the merits of the paternity action are not open to inquiry at this stage. Looking only to the jurisdictional inquiry, the North Carolina

4

law was properly followed, and in this Court's opinion, the North Carolina court did have personal jurisdiction over the defendant at the time the support order was issued.