## CIRCUIT COURT OF THE CITY OF RICHMOND

Ruby O. Courtney

v.

Frederick S. Fogelson et al

September 13, 1989

Case No. LL-3043-3

By JUDGE T. J. MARKOW

This matter is before the court on defendants' motion for partial summary judgment. They claim a credit of $50,000 for settlement made with the primary tortfeasor under Section 8.01-35.1 of the Code of Virginia. Alternatively, they argue that if § 8.01-35.1 of the Code is inapplicable, then under common law principles the plaintiff is entitled to only one full recovery and/or the settlement with one tortfeasor releases all tortfeasors. They move for summary judgment dismissing the action.

Plaintiff argues that there are separate and independent acts of negligence involved and the settlement with the primary tortfeasor was compensation for the negligence that he caused and what is sought from these defendants is damages for their negligence, which is separate from that caused by the primary tortfeasor.

From the pleadings, discovery and stipulations, the facts are as follows.

Plaintiff was injured in an automobile accident on July 7, 1984. Both of her hips were broken. She was treated by the defendants for injuries to both hips and the top of the femur. In this action she alleges that defendants failed to properly diagnose and treat the left hip injury.

This resulted in an aggravation of the injuries sustained in the accident. Because of the aggravation caused by the failure to diagnose the left hip fracture, plaintiff's left hip was replaced in October of 1985.

In July of 1986 plaintiff filed suit against the primary tortfeasor, the driver of the automobile in which plaintiff was a passenger. There she sought recovery for all injuries and damages arising from the accident of July 7, 1984. That case was settled for the primary tortfeasor's policy limits of $50,000, plus $135,000 from plaintiff's underinsured motorist carrier.[1]

Defendant claims a credit of the $50,000, or alternatively, dismissal, as the release of one joint tortfeasor releases all other joint tortfeasors.

Section 8.01-35.1 of the Code provides:

A. When a release or a covenant not to sue is given in good faith to one of two or more persons liable in tort for the same injury . . .

1. It shall not discharge any of the other tortfeasors from liability for the injury . . . but any amount recovered against the other tortfeasors or any one of them shall be reduced by any amount stipulated by the covenant or the release, or in the amount of consideration paid for it, whichever is the greater.

Plaintiff admits that in exchange for the $50,000 policy limits payment the driver-tortfeasor obtained a release from further claims by the plaintiff for all injuries received in the July 7, 1984, accident.

The issue, then, is whether the injury for which damages are sought here is the same injury for which the driver-tortfeasor received the release. Upon a review of the pleadings and plaintiff's responses to defendant's requests for admissions, the court cannot conclude other than that the injuries alleged to have been caused by these defendants are aggravations of the injuries caused

---

[1] Because of the contractual nature of the $135,000 payment by the underinsured carrier and its right of subrogation, defendants do not assert a right to a credit for that payment.

by the driver-tortfeasor. They are damages that could have been recovered from the driver-tortfeasor. See *Powell v. Troland*, 215 Va. 205, 207 S.E.2d 875 (1971). They are, under § 8.01-35.1 of the Code, the "same injury." Accordingly, plaintiff has received compensation for her injuries. Whether that compensation was a full recovery, the court cannot say. That is for the jury to decide.

Under common law principles, the plaintiff would have been precluded from any further claim, but under Section 8.01-35.1 of the Code, she may pursue further recovery, however, these defendants are entitled to a credit of $50,000 toward any recovery awarded against them. Defendants are not entitled to summary judgment but are entitled to the credit.