## CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Greate Bay Hotel & Casino, Inc.

v.

Elliott Furman

October 27, 1983

Case No. (Law) 8491-S

By JUDGE DOUGLAS M. SMITH

On October 14, 1983, the Court heard the above captioned cause without a jury and after hearing the stipulations and argument of counsel, the Court delayed its decision and I am by this letter rendering that decision by entering up judgment for the defendant.

It was stipulated by the parties that the amount sued for was not in question; that the Court in New Jersey had jurisdiction of the defendant and subject matter; and, that the judgment of the New Jersey court was not questioned; and, lastly, that the judgment given in New Jersey was based on a gambling transaction and that gambling is legal in the state of New Jersey. It cannot be argued that under Virginia Code, Section 11-14, that gambling transactions and contracts and so forth are utterly void in the state of Virginia. It, of course, cannot be successfully argued that had the plaintiff sued the defendant in the state of Virginia on the original gambling contract, that Virginia courts would have held the contract utterly void and rendered a verdict for the defendant. *Kennedy v. Annandale Boys Club, Inc.*, 221 Va. 504 (1980). It is interesting to note in the *Kennedy* case that the court cites *Glassman v. FDIC*, 210 Va. 650 (1970), wherein they held that a holder in due course of negotiable notes was denied a recovery on the notes

when it was determined that the consideration for the notes was gambling. A federal district court judge has also disallowed an Atlantic City, New Jersey, casino from recovering a gambling debt owed by a Virginia citizen.

However, this Court is not being ask to enforce the original gambling contract but is being ask to give full faith and credit to a judgment against the defendant which was awarded by the Superior Court of New Jersey. This, of course, places this cause of action on a higher plain than that mentioned above, therefore, the Court feels that the real question involved is, does the state of Virginia have to give full faith and credit to a New Jersey judgment when the original action upon which that judgment was based would be utterly void in the state of Virginia and thus against public policy.

The plaintiff cites cases holding that even though an original action may be against public policy in one state, that state must give full faith and credit to the judgment decree. *Hilton International Company v. Arace,* 394 A.2d 739 (Conn. App. 1977), and *Fauntleroy v. Lum,* 28 S.Ct. 641 (1908).

A reading of the Connecticut case indicates that the public policy against gambling in Connecticut was beginning to wane, i.e. it established a lottery, off track betting, pari mutuel betting and so forth. In the case of *Fauntleroy v. Lum* the decision was five to four and this court is agreeing with the minority; however in the case of the *State of Nevada, et al v. Hall,* 440 U.S. 410, 99 S.Ct. 1182 (1979), the Court uses this language on page 1189 quoting language from *Pacific Insurance Company v. Industrial Accident Comm'n,* 306 U.S. 493 (1939), "clearly establishes that the Full Faith and Credit Clause does not require a State to apply another State's law in violation of its own legitimate public policy." Further quoting from that case, "It has often been recognized by this Court that there are some limitations upon the extent to which a state may be required by the full faith and credit clause to enforce even the judgment of another state in contravention of its own statutes or policy."

In the case of *Wallihan v. Hughes,* 196 Va. 117 (1954) at page 125, it says that "the law looks with favor upon the making of contracts between competent parties upon valid consideration *and for lawful purposes* (emphasis added), public policy has its place in the law of contracts. . . and courts are averse to holding contracts

unenforceable on the ground of public policy *unless their illegality* is clear and certain." (emphasis added)

Therefore, this Court takes the position that the statute of Virginia, Section 11-14, has made civil collection of gambling debts utterly void, that the plaintiff is attempting to circumvent the Virginia law by doing indirectly what it could not do directly, and further that the full faith and credit clause of the federal constitution does not require Virginia to adhere to this judgment in violation of its own legitimate public policy. Therefore, judgment is being awarded to the defendant.