## CIRCUIT COURT OF THE CITY OF ROANOKE

Boardwalk Regency Corp.,
t/a Caesar's

v.

Donald A. Jarrett, Sr.

March 15, 1988

Case No. CL87000683R

By JUDGE CLIFFORD R. WECKSTEIN

This is an action in which the plaintiff seeks to domesticate a New Jersey judgment pursuant to the provisions of Code § 8.01-389. The plaintiff filed its motion for judgment in the Circuit Court for the City of Norfolk, venue was transferred to this Court on motion of the defendant, a bench trial was held on December 15, 1987, and the parties have submitted memoranda of authorities and argument.

The facts are not in dispute. On May 27, 1987, the Superior Court of New Jersey, Atlantic County, Law Division, granted the plaintiff a default judgment against the defendant, in the sum of $10,411.46. Costs of $115.00 were taxed. The plaintiff concedes that the underlying basis for this judgment is a gambling debt to a New Jersey casino, but objects to the admissibility of evidence of the basis for the judgment.

The plaintiff contends that Virginia's courts must give full faith and credit to the judgments of the courts of a sister state. See U.S. Const., Art. IV, § 1; Va. Code Section 8.01-389. The defendant, while conceding the general correctness of that proposition, contends that, because this judgment is based upon a gambling debt, and because gambling debts are unenforceable in Virginia, by statute and public policy, see Code § 11-14, the judgment can

neither be domesticated in, nor enforced by, the courts of Virginia.

Having considered the evidence as presented and stipulated, the arguments and memoranda of counsel, and the decided authorities, this Court is of the opinion that the Constitution of the United States, as interpreted by the United States Supreme Court and the Supreme Court of Virginia, requires that the plaintiff's New Jersey judgment be given full faith and credit, and be domesticated in Virginia.

*Fauntleroy v. Lum*, 210 U.S. 230 (1907), remains the leading case on the application of the full faith and credit clause. In *Fauntleroy*, the plaintiff sought to enforce, in Mississippi, a Missouri judgment which, the defendant contended, arose out of a gambling transaction in cotton futures. Under the laws of Mississippi, dealing in futures was a misdemeanor; such contracts were unenforceable. The Supreme Court's opinion, by Justice Holmes, is often cited for the proposition that the full faith and credit clause dictates that a court must domesticate and enforce a foreign judgment, even where the forum state's public policy is violated. *Union National Bank v. Lamb*, 337 U.S. 38, 41-42 (1949); *Morris v. Jones*, 329 U.S. 545, 551 (1947); *Magnolia Petroleum Company v. Hunt*, 320 U.S. 430, 439 (1943).

In *Morris v. Jones, supra*, 329 U.S. at 553, the Court cited *Fauntleroy* for the proposition that the most important applications of the full faith and credit clause are in those situations in which the foreign judgment runs counter to the forum state's policy. Full faith and credit, the Court stated in *Magnolia Petroleum, supra*, 320 U.S. at 439 (citing *Fauntleroy*), "requires a state to enforce a judgment of a sister state for. . . a gambling debt. . . although the suit in which the judgment was obtained could not have been maintained under the laws and policy of the forum to which the judgment is brought."

Chief Justice Stone, in the *Magnolia Petroleum* opinion, wrote that, while "there may be exceptional cases in which the judgment of one state may not override the laws and policies of another. . . the actual exceptions have been few and far between." "We are aware," he said, "of no such exception in the case of a money judgment rendered in a civil suit." *Id*. at 438. I have found no such exception

which would apply to the money judgment in the case at bar.

The Virginia Supreme Court has held that the:

> extent or limit of the effect of the full faith and credit clause on state court proceedings brought by the parties subsequent to the [entry of a judgment] in a sister state is to be adjudicated by [Virginia's courts] with full regard to pronouncements on that subject by the Supreme Court of the United States. . . . The limit and character of the faith and credit that must be given have been recently stated.
>
> "The faith and credit given is not to be niggardly but generous, full. . . ."
>
> "If in its application local policy must at times be required to give way, such 'is part of the price of our federal system'. . . ."
>
> "In numerous cases this court has held that credit must be given to the judgment of another state although the forum would not be required to entertain the suit on which the judgment was founded; that considerations of policy of the forum would defeat a suit upon the original cause of action are not involved in a suit upon the judgment and are insufficient to defeat it. . . ."
>
> " 'A contract made in one state, to be performed in another, whose public policy it contravenes, need not be enforced by its courts; but the law of another state or judgment of its Courts stands upon a higher footing.'. . . Full faith and credit must be given to such judgment. . . ."

*Wallihan v. Hughes*, 196 Va. 117, 128, 82 S.E.2d 553 (1954) (citations omitted).

Code § 8.01-389(B) requires that "every court of this Commonwealth shall give. . . records of courts not of this Commonwealth the full faith and credit given to them in the courts of the jurisdiction from whence they come." In this case, it is conceded that the judgment obtained is valid under New Jersey law, *cf. Caribe Hilton*

*Hotel v. Toland*, 63 N.J. 301, 307 A.2d 85, 88 (1973), and that the defendant was validly served under the law of New Jersey. *See Nero v. Ferris*, 222 Va. 807, 814, 284 S.E.2d 828 (1981); *Bloodworth v. Ellis*, 221 Va. 18, 21, 267 S.E.2d 96 (1980).

The defendant cites *Resorts International Hotel, Inc. v. Agesta*, 569 F. Supp. 24 (E.D. Va. 1983), *Kennedy v. Annandale Boys Club*, 221 Va. 504 (1980), and *Skipworth v. Strother*, 24 Va. (3 Rand.) 214 (1825), for the proposition that Virginia courts should not give full faith and credit to a foreign judgment for a gambling debt because the enforcement of gambling debts is against Virginia's public policy. Each of these suits to collect a gambling debt was originally brought in a court in Virginia. These cases have no bearing on the interpretation of the full faith and credit clause's effect on a foreign judgment.

The defendant cites *Nevada v. Hall*, 440 U.S. 410, 422 (1979), and *Pacific Insurance Company v. Industrial Accident Commission*, 306 U.S. 493, 500 (1939), for the idea that the full faith and credit clause does not require one state to apply another state's law that would violate its own public policy. These cases are inapposite. They are "choice of law" cases, rather than domestication of foreign judgment cases.

Counsel for the defendant also has called to this Court's attention an opinion of the Honorable Douglas M. Smith, Judge of the Circuit Court of the City of Newport News, *Greate Bay Hotel & Casino, Inc. v. Furman*, 4 Va. Cir. 141 (1983), refusing to enforce, in Virginia, a judgment for a New Jersey gambling debt. Recognizing Judge Smith's wisdom, astuteness and experience, recognizing also that Judge Smith conceded he was adopting the position taken by the dissenting justices in the *Fauntleroy* case, and having carefully reviewed the decided authorities, I must respectfully decline to accept Judge Smith's opinion as dispositive in the case at bar.

As the Virginia Supreme Court said in 1974, "[t]he constitutional mandate" that every state give full faith and credit to the acts of its sister states "requires every state to give a foreign judgment at least the *res judicata* effect which the judgment would be accorded in the state which entered it. Subject to rare exceptions,

the full faith and credit rule applies even though the sister state's judgment reflects policies hostile to those of the forum state." *Osborne v. Osborne*, 215 Va. 205, 208, 207 S.E.2d 875 (1974) (citations omitted). The decided cases make it eminently clear that no such exception applies to this case, and that judgment must be granted to the plaintiff.