## CIRCUIT COURT OF THE CITY OF SALEM

Boardwalk Regency Corp.

v.

Ralph Moore

March 16, 1988

By JUDGE G. O. CLEMENS

The defendant, in seeking to block the domestication of a New Jersey judgment, has raised three objections. First, he says that the judgment sought to be domesticated has not been properly authenticated. Second, he says that the New Jersey Court did not have jurisdiction over his person sufficient to seek a personal judgment against him. Third, he alleges that the judgment is based upon a gambling debt and that this Court should not enforce such a judgment as being contrary to the public policy of this state.

Concerning the authentication issue, I find that the documents presented in support of the Motion for Judgment are in substantial compliance with the requirements of both Virginia and federal authentication requirements. At the hearing on December 14, 1987, I received the documents over the defendant's objection, without ruling on their admission into evidence. I now rule that the abstract of the judgment is admitted into evidence and found to be sufficiently authenticated for consideration by this court.

Concerning the personal jurisdiction argument, I feel that it is just another part of the overall issue of whether or not this Court is required to give full faith and credit to this foreign judgment as mandated by Article IV, Section 1, of the U. S. Constitution. The judgment comes before me with a presumption of correctness, that the New Jersey Court properly recognized juris-

diction of the matter before rendering judgment. The defendant has not shown to my satisfaction that New Jersey law has not been complied with.

The real issue in this case is whether or not this Court should be used to enforce a New Jersey judgment based upon a gambling debt because it is in contravention of Virginia's statutory and public policy against gambling. Is Virginia excused from honoring a foreign judgment under the full faith and credit clause of the U. S. Constitution because it is obnoxious to the Commonwealth's stated statutory and public policy?

Article IV, Section 1, of the United States Constitution commands that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State." Congress has provided that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken." Act of May 26, 1790, 1 Stat. 122, as amended, 28 U.S.C. Section 687. The United States Supreme Court is the final arbiter when the question is raised as to what is a permissible limitation on the full faith and credit clause. *Milwaukee County v. White Co.*, 296 U.S. 268 (1935); *Alaska Packers Assn. v. Industrial Accident Comm.*, 294 U.S. 532 (1935). While some exceptions have been engrafted on the full faith and credit clause, "[s]o far as judgments are concerned, the decisions . . . show that the actual exceptions have been few and far between." *Williams v. North Carolina*, 317 U.S. 287, 294-295 (1942) (on examination of these exceptions, none are applicable to this situation). The full faith and credit clause altered the status of the states as independent foreign sovereignties, each free to ignore the rights and obligations created under the laws or established by judicial proceedings of the others, by making each an integral part of a single nation, in which rights judicially established in any part are given nationwide application. *Milwaukee County v. White Co., supra*, 276-277; *Williams v. North Carolina, supra*, 295; *Magnolia Petroleum Co. v. Hunt*, 320 U.S. 430, 439 (1943). "Because there is a full faith and credit clause, a defendant may not a second time challenge the validity of the plaintiff's right which has ripened into

a judgment. . . ." *Magnolia Petroleum Co. v. Hunt, supra,* 439-440.

*Fauntleroy v. Lum,* 210 U.S. 230 (1908), is the crucial case considering the fact pattern presently before the Court. In *Fauntleroy,* the Supreme Court, Justice Holmes writing for the majority, held that a Mississippi court could not refuse full faith and credit to a Missouri judgment, even though the judgment was based upon a gambling contract which had been entered into and performed in Mississippi, and which was, in Mississippi, not only unenforceable, but criminal. Confirmed by a clear majority in *Morris v. Jones,* 329 U.S. 545 (1946), the Morris Court stated, "the answer given by *Fauntleroy v. Lum* is conclusive. If full faith and credit is not given in that situation, the Clause . . . fail(s) where (its) need is greatest." *Morris v. Jones, supra,* 553. The Supreme Court of Virginia has affirmatively adopted the U. S. Supreme Court's position as expressed in *Fauntleroy.* In *Wallihan v. Hughes,* 196 Va. 117, 82 S.E.2d 553 (1954), the Court stated, "We do not decide whether or not this contract as drawn would, for reasons of public policy, have been unenforceable between the parties in Virginia. We take it as it comes to us -- approved, ratified and held to be valid and merged into a judgment by a final decree of a court of competent jurisdiction." *Wallihan v. Hughes, supra,* 127. Defendant cites *Kennedy v. Annandale Boys Club, Inc.,* 221 Va. 504, 272 S.E.2d 38 (1985); *Glassman v. F.D.I.C.,* 210 Va. 650, 173 S.E.2d 543 (1970); and *Resorts International Hotel, Inc. v. Agresta,* 569 F. Supp. 24 (E.D. Va. 1983), *affirmed* 725 F.2d 676 (4th Cir. 1984), for the proposition that Virginia courts have refused in the past to enforce gaming contracts entered into and performed in another State in which gambling was permitted and gambling contracts enforceable. These cases are, however, in apposite to the present case because they all deal with attempts to have Virginia courts enforce gaming contracts, which is not the case here. The Superior Court of Atlantic County, New Jersey, has already rendered judgment in this case. That it was a default judgment is immaterial. The New Jersey judgment has bestowed upon the contract the dignity of a judgment, and it now stands upon that higher plane. *See Wallihan v. Hughes, supra,* 117.

Defendant further contends that full faith and credit does not require a State to apply another State's law if it is in violation of its own legitimate public policy. *See State of Nevada v. Hall*, 440 U.S. 410 (1979); *Pacific Insurance Company v. Industrial Accident Commission*, 306 U.S. 493 (1939). This exception to the full faith and credit clause is well established, but application of another State's law is not at issue in this case. Here, a judgment has already been issued, and the question is not one of applying another State's law but of giving full faith and credit to an existing judgment.

Defendant asks this Court to follow the decision of the Circuit Court of the City of Newport News in *Greate Bay Hotel and Casino, Inc. v. Furman*, 4 Va. Cir. 141 (1983), in holding that a New Jersey judgment rendered on a gambling contract made in New Jersey could not be domesticated in Virginia. I must agree with my colleague, Judge Weckstein, (who has recently rendered an opinion letter on this same subject that the Newport News decision does not represent the majority view, and I therefore do not find it persuasive in this case.

I ask that counsel for plaintiff prepare an appropriate order overruling defendant's Motion to Quash and demurrer and granting judgment on the Motion for Judgment and submit to counsel for defendant for endorsement, showing his objection if desired.